UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH SCHULER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No: 1:16-cv-3288-JMS-DML |
| ) | |
| WENDY KNIGHT, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

**I.**

This unauthorized second or successive action for habeas corpus relief pursuant to 28 U.S.C. § 2254(a) is **dismissed for lack of jurisdiction.** This disposition is compelled by the following facts and circumstances:

1. Petitioner Joseph Schuler is a state prisoner who challenges the validity of a disciplinary proceeding identified as No. CIC 15-12-194. A previous habeas challenge to this same disciplinary proceeding was docketed as No. 1:16-cv-631-SEB-DKL and was dismissed with prejudice on September 7, 2016 based on the Court's finding that the challenged disciplinary proceeding was free from constitutional error. The present action was commenced based on the treatment of a motion for relief from judgment in No. 1:16-cv-631-SEB-DKL.

2. Under 28 U.S.C. § 2244(b)(3), this Court has no jurisdiction to hear a second or successive habeas petition without authorization from the Seventh Circuit Court of Appeals. *Burton v. Stewart,* 549 U.S. 147, 152–53 (2007). This statute "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court," *Felker v. Turpin,* 518 U.S. 651, 657 (1996), and "'is an allocation of subject-matter jurisdiction to the court

of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999); *see also Burton v. Stewart,* 549 U.S. 147, 153 (2007) (stating that the district court was without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court.").

3. The foregoing restriction is applicable to habeas petitions challenging a prison disciplinary proceeding, just as they are applicable to habeas petitioners challenging convictions of underlying criminal conduct. *Harris v. Cotton,* 296 F.3d 578, 579 (7th Cir. 2002).

4. A "prisoner is entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding." *Pavlovsky v. VanNatta,* 431 F.3d 1063, 1064 (7th Cir. 2005). The petitioner took that shot in No. 1:16-cv-631-SEB-DKL. He has neither shown nor alleged that the requisite authorization for an additional challenge has been issued.

5. With No. 1:16-cv-631-SEB-DKL having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, the Court lacks jurisdiction to consider the petition for writ of habeas corpus. And with jurisdiction lacking, the Court has no choice but to note that fact and dismiss the action. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

6. Schuler's petition for writ of habeas corpus is **denied.** The action will be dismissed for lack of jurisdiction, and judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: <u>December 22, 2016</u>

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH SCHULER
185320
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064